# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

KENNETH R. NORTHERN                                              PLAINTIFF

v.                        2:19-cv-00033-BRW-JJV

ANDREW SAUL,
Commissioner,
Social Security Administration,                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Billy Roy Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Kenneth Northern, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income and disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the

substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff is young – only thirty-nine years old. (Tr. 789.) He is a high school graduate (*id.*) and has past relevant work as a food delivery driver. (Tr. 30.)

The Administrative Law Judge (ALJ)[1] found Mr. Northern had not engaged in substantial gainful activity since July 8, 2013, the alleged onset date. (Tr. 16.) He has "severe" impairments in the form of bipolar disorder, diverticulitis, obesity, degenerative disc disease of the lumbar spine, and substance abuse disorder in remission. (*Id.*) The ALJ further found Mr. Northern did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 16-19.)

The ALJ determined Mr. Northern had the residual functional capacity (RFC) to perform

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

a reduced range of light work given his mental and physical impairments. (Tr. 19.) Given his residual functional capacity assessment, the ALJ determined Plaintiff could no longer perform any of his past work. (Tr. 30.) Therefore, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. (Tr. 800-803.) Given the opinion of the vocational expert, the ALJ determined Mr. Northern could perform the jobs of price marker, garment sorter, and small parts assembler. (Tr. 31.) Accordingly, the ALJ determined Mr. Northern was not disabled. (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 6-9.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues, "The ALJ's RFC as to Plaintiff's mental functional limitations is unsupported by substantial evidence." (Doc. No. 14 at 4.) Specifically, Mr. Northern says while giving them "great weight," the ALJ failed to include all of the limitations expressed by Kay Cogbill, M.D. and Kevin Santulli, Ph.D. Plaintiff says:

> Both physicians opined Plaintiff' [*sic*] to have moderate limitations responding appropriately to the general public and moderate limitations accepting instructions and responding appropriately to criticism from supervisors. (Tr. 46, 70). The ALJ precluded Plaintiff from all interaction with the general public but permitted simple, direct, concrete supervision. (Tr. 19). The ALJ did not explain why, given the fact both Dr. Cogbill and Dr. Santulli opined the same level of limitation with respect to the public and to supervisors, the ALJ did not preclude all interaction with supervisors. This is a critical inconsistency the ALJ did not resolve.

(*Id.* at 4-5.)

The Commissioner responds:

> Plaintiff also appears to suggest the ALJ, in determining his RFC, was confined to adopt verbatim each general rating noted by Drs. Santulli and Cogbill in subparts of the four mental domains, rather than their overall RFC opinion (compare Tr. 45-46, 69-70, 648 with Tr. 47, 71, 649). See Pl.'s Br. at 4-6, 8. Such argument is without merit. First, the ALJ gave great, not controlling, weight to Drs. Santulli and Cogbill's opinion, noting the record supported reaching "similar conclusions" (Tr.

3

29) (emphasis added). Second, the ALJ gave great weight to their opined RFC restriction to unskilled work, not each underlying subpart: "[t]he DDS consultants concluded that the claimant could perform work at the unskilled light level" (Tr. 29). An ALJ need not rely entirely on one medical source's opinion or simply choose between opinions in the record. *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). Here, the ALJ properly considered the totality of opinion and other record evidence in determining Plaintiff's mental RFC, including the limited mental health treatment, the mental status exam findings, and Dr. Spellmann's opinion and exam findings. See 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

(Doc. No. 17 at 7.)

After carefully considering Plaintiff's argument, I find the Commissioner's response to be highly persuasive. More importantly, I find the ALJ's RFC to accurately capture Plaintiff's limitations as supported by the medical evidence. The ALJ concluded Mr. Northern ". . . can perform simple, routine, repetitive task jobs where the supervision is simple, direct, and concrete, SVP 1 or 2 jobs learned within 30 days. He cannot perform work where interaction with the general public is required and not more than occasional changes to the work place setting required." (Tr. 19.) The ALJ's assessment is well supported by substantial evidence. This substantial evidence includes the opinions of Drs. Cogbill (Tr. 69-71) and Santulli (Tr. 45-47), as well as the Mental Diagnostic Evaluation completed by Charles M. Spellmann, Ph.D. (Tr. 552-556.) The ALJ gave Dr. Spellmann's opinions "significant weight," and his findings are wholly consistent with the ALJ's RFC.

I also note that medical evidence references Plaintiff's noncompliance with treatment. (Tr. 337-338.) Failure to follow a prescribed course of remediable treatment without good reason is grounds for denying an application for benefits. *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997). I recogize Plaintiff reported the inability to pay for treatment and the lack of financial resources may, in some cases, justify the failure to seek medical attention or follow prescribed treatment. *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989). Such is not the case presented here. There is no evidence that Plaintiff attempted to find any low cost or no cost medical

treatment for his alleged mental disability.  *See Murphy v. Sullivan*, 953 F.2d 383, 386-87 (8th Cir. 1992).  That is inconsistent with the degree of disability asserted.

Plaintiff also argues the ALJ failed to develop the record by not obtaining opinions from examining or treating physicians.  (Doc. No. 14 at 10.)  Plaintiff is reminded he had the burden of proving his disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, he bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  The fact that Plaintiff's counsel did not obtain (or, as far as the record reflects, try to obtain) additional doctor's opinions suggests they are of only minor importance.  *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).  Realizing this is not an adversarial proceeding, I still find no indication that Plaintiff requested that the ALJ order a consultative evaluation at any time during the administrative process.  Plaintiff bears a heavy burden in showing the record has been inadequately developed.  He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.  *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007).  Plaintiff has shown neither; therefore, his argument is without merit.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A) (emphasis added).  A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  Although Plaintiff has been diagnosed with serious illnesses, the treatment records fail to show marked limitation in his ability to perform work related activities at the light exertional level.  And I am simply unable to find support in the record to merit reversal of the ALJ's decision in this case.

I am sympathetic to Mr. Northern's claims and his attorney has done an excellent job

advocating for his rights. But the overall evidence provides substantial support for the ALJ's determination that he could perform work at the light exertional level.

Plaintiff has advanced other arguments that I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 5th day of February 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE